# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAWRENCE W. PASSIATORE,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
NY-0752-09-0124-I-1

DATE: September 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Lawrence W. Passiatore, Thornwood, New York, pro se.

Donald Spector, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

¶2    The appellant is a retired Manager of Customer Service.  Initial Appeal File (IAF), Tab 1 at 2.  In February 2009, he filed a Board appeal alleging that his retirement was involuntary.  *Id*. at 4.  In June 2009, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision.

¶3    In April 2014, the appellant filed a petition for review, in which he alleges that he did not receive the initial decision until November 2013.  Petition for Review (PFR) File, Tab 1.  He also alleges that his former attorney closed his practice in August 2010.  *Id*.  In response to a notice from the Clerk of the Board regarding the timeliness of his petition for review, the appellant further alleges that he was hospitalized and suffers from certain medical issues.  PFR File, Tab 3.  In response, the agency argues that the appellant failed to establish that his petition for review was timely filed or that good cause existed to waive the applicable time limit.  PFR File, Tab 4 at 6-7.

¶4    Absent good cause for delay, a petition for review must be filed within 35 days after the issuance of the initial decision, or within 30 days after the date the appellant received the initial decision, if the appellant shows that the initial decision was received more than 5 days after the date of issuance.  5 C.F.R. § 1201.114(e).  The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  *Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶ 4 (2008).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Id.*  The length of delay is a consideration in every good cause determination.  *Stolarczyk v. Department of Homeland Security*, 119 M.S.P.R. 343, ¶ 7 (2012).  Additionally, lack of representation does not establish good cause for a delay in filing a petition for review.  *Minor*, 109 M.S.P.R. 692, ¶ 8.  An appellant may, however, establish good cause for a delay in filing based upon illness.  To establish good cause based upon illness,

the party must identify the time period during which he suffered from the illness, support his allegation with corroborating medical or other evidence, and explain how the illness prevented him from timely filing his petition or requesting an extension of time. *Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 7 (2001).

¶5        Assuming arguendo that the appellant did not receive the initial decision until November 2013, he has not met his burden of establishing good cause for the lengthy delay in filing a petition for review or requesting an extension. Although the appellant has stated that his attorney left private practice in August 2010, PFR File, Tab 1, this does not excuse the appellant's untimely filing, *Minor*, 109 M.S.P.R. 692, ¶ 8. The appellant also has not established good cause based upon illness because he has not corroborated his allegations of hospitalization and illness with evidence or explanation as to how his medical condition prevented him from timely filing a petition for review or requesting an extension. *Sanders*, 88 M.S.P.R. 370, ¶ 7. Specifically, the appellant stated in his motion to waive the time limit for filing his petition for review that he did not have any evidence or documents to support his request. PFR File, Tab 3 at 1. Although the appellant has provided some description of his medical condition, he has not presented specific argument as to how his medical condition prevented him from filing the petition for review until April 2014, approximately 5 months after he stated he received the initial decision. PFR File, Tabs 1, 3. We therefore find that the appellant has not met his burden of establishing good cause for the delay in filing his petition for review.

¶6        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the involuntary retirement appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.